# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

March 17, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**LANA G. SPROUSE, WIDOW OF
JAMES H. SPROUSE**
**Claimant Below, Petitioner**

**vs.)    No. 13-0454** (BOR Appeal No. 2047723)
                        (Claim No. 920026753)

**WEST VIRGINIA OFFICE OF
INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**TRI-ENERGY RESOURCES, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Lana G. Sprouse, widow of James H. Sprouse, appearing pro se, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of the Insurance Commissioner, by Mark A. Bramble, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 1, 2013, in which the Board affirmed a September 18, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's October 14, 2011, decision rejecting Mrs. Sprouse's application for dependent's benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Sprouse, an employee of Tri-Energy Resources, Inc., was lifting a belt on December 7, 1991, when he injured his lower back. Mr. Sprouse filed for workers' compensation benefits, and his claim was held compensable. According to a death summary prepared by Charleston Area Medical Center dated October 29, 2008, Mr. Sprouse checked into Charleston Area Medical Center with a two-week history of progressive worsening of circulation in his right hand. The summary noted that Mr. Sprouse had chronic renal failure with peritoneal dialysis, end-stage renal disease, coronary artery disease, peripheral neuropathy, hypertension, and diabetes. Mr. Sprouse went into cardiac arrest on September 23, 2008. The death certificate lists Mr. Sprouse's cause of death as cardiac arrest with underlying causes of vascular disease and renal failure. On September 16, 2011, Mrs. Sprouse filed for dependent's benefits. The claims administrator denied her request for two reasons. First, it found that Mrs. Sprouse's application was not timely filed because death occurred on September 23, 2008, and the application was not filed until September 16, 2011. Second, it found that the cause of death was in no way related to Mr. Sprouse's compensable back injury. Mrs. Sprouse protested this decision.

The Office of Judges concluded that Mrs. Sprouse's application for dependent's benefits was not timely filed. The Office of Judges noted that Mr. Sprouse died on September 23, 2008; however, the application for dependent's benefits was not filed until September 16, 2011. The Office of Judges affirmed the claims administrator's decision because pursuant to West Virginia Code § 23-4-15(a) (2005), an application for dependent's benefits must be filed within six months of the date of death. Since Mrs. Sprouse's application was filed beyond the six month time limit, the Office of Judges found that the claims administrator was correct in denying her application. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the Office of Judges and the Board of Review. Mrs. Sprouse did not timely file an application for dependent's benefits. Mrs. Sprouse did not request dependent's benefits related to Mr. Sprouse's death until almost three years after he had died. Her application did not comply with the time limits set out in West Virginia Code § 23-4-15(a), and the claims administrator properly rejected it.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  March 17, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3